ELMER GENEAU

*vs.*

STATE OF MAINE

AND

ALLEN L. ROBBINS, WARDEN

Sagadahoc.   Opinion, November 4, 1965.

*Arthur D. Dolloff*, for Plaintiff.

*Richard J. Dubord, Atty. Gen.*, and
*John W. Benoit, Asst. Atty. Gen.*, for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, MARDEN, RUDMAN, JJ.  SULLIVAN, J., sat at argument but retired before the opinion was adopted.

TAPLEY, J. On appeal. The petitioner-appellant, hereinafter called "appellant," Elmer Geneau, appealed from the final judgment of dismissal with prejudice rendered on appellant's application for writ of habeas corpus (post conviction). At appellant's request, and upon finding of indigency, the court below appointed counsel for him in the prosecution of his application.

The issues before us are presented by appellant's points on appeal. The points on which the appellant relies are:

"1. The Court erred when it ruled that robbery was not an offense punishable by 'life imprisonment' within the meaning of that term as used in Section 33 of Chapter 147 of the Revised Statutes of 1954 as amended by the Public Laws of 1957 and the Public Laws of 1959.

"2. The Court erred because it failed to rule that the Petitioner was not, prior to the time he allegedly waived prosecution by indictment, advised by the presiding justice nor by anyone while the Petitioner was in court before the presiding justice of the nature of the offense as required in said Section 33 in that the Petitioner was not advised in court by anyone of the possible penalty for the crime of robbery, and the Superior Court was therefore without jurisdiction to convict and sentence the Petitioner.

"3. The Court erred because it failed to rule that the Petitioner was not, prior to the time he allegedly waived prosecution by indictment, advised by the presiding justice nor by anyone else while the Petitioner was in court before the presiding justice, of his rights as required by said Section 33 in that the Petitioner was not at all so advised as to his right to confrontation, to witnesses, to his privilege against self-incrimination, to the presumption of his innocence, to his right of counsel at trial, to his rights in the selection of a jury or to his right to a unanimous verdict of

such jury, and the Superior Court was therefore without jurisdiction to convict and sentence the Petitioner."

On April 10, 1961 the appellant, by complaint, was charged with the crime of robbery and, upon hearing, probable cause was found to hold him for action of the Grand Jury. He was unable to furnish bail, whereupon he was committed to the Androscoggin County Jail at Auburn. On May 16, 1961 he took advantage of the provisions of 15 M.R.S.A., Sec. 811 by filing a petition requesting waiver of indictment and seeking prompt arraignment. The appellant, claiming indigency, requested court - appointed counsel. He was found to be indigent and was provided counsel to represent him. The petition was granted by the presiding justice after the appellant signed a waiver in open court. After appellant pleaded guilty he was sentenced to not less than 10 years nor more than 20 years in the State Prison. Warrant of commitment was issued May 23, 1961.

The justice below, who heard the application for issuance of the writ of habeas corpus, provided appointed counsel to represent the appellant. A number of pre-trial conferences were held between the court and counsel. Petitioner, in lieu of testimony and by consent of the respondents, presented an affidavit in evidence. The affidavit in its pertinent portion reads as follows:

"I, Elmer Geneau, being the Petitioner in a petition for habeas corpus now on file in Sagadahoc Superior Court, Docket No. 3330, state under oath that were I to testify at the hearing under said petition as to my plea in the Superior Court to the information, I would testify as follows:

"1. That I thought I was entering a plea of guilty to Felonious assault.

"2. That I was under the impression I would receive a maximum sentence of not more than 5 years.

"3. That I was not informed by the court that I could be sentenced to 10 to 20 years because if I had of been so informed I would not have pleaded guilty."

The allegation in the information charging the crime is couched in the following language:

"That Elmer Geneau of Bath, in the County of Sagadahoc and State of Maine, on the eighth day of April in the year of our Lord one thousand nine hundred and sixty-one at Bath, in the County of Sagadahoc and State of Maine, on one Flora M. Seman feloniously did make an assault, and by force and violence, one woman's handbag and billfold, of the value of five dollars, of the property of said Flora M. Seman, from the person of said Flora M. Seman, feloniously did steal, take and carry away, against the peace of said State and contrary to the form of the statute in such case made and provided."

The statute defining the crime of robbery states:

"Whoever, by force and violence or by putting in fear, feloniously steals and takes from the person of another property that is the subject of larceny is guilty of robbery and shall be punished by imprisonment for any term of years." 17 M.R.S.A., Sec. 3401.

See *State* v. *Greenlaw*, 159 Me. 141.

The "imprisonment for any term of years" is not synonymous with "life imprisonment." *Wade* v. *Warden*, 145 Me. 120. Robbery is an offense which is properly within the jurisdiction of the information procedure.

The appellant, on his own volition, chose to take advantage of the information proceedings rather than to await the action of the Grand Jury. In open court he executed a waiver of prosecution by indictment and requested prompt arraignment and process by information rather

than by indictment. The execution of the waiver did not take place until after he had been advised by the presiding justice of the Superior Court of the nature of the offense and of his rights and especially, but without limitation thereto, of his rights by virtue of Article I, Section 7 of the Constitution of Maine and R. S., 1954, Chap. 147, Sec. 1, (now 15 M.R.S.A., Sec. 701 (1)).

The appellant now comes forward and, among other complaints, claims he was not advised by the presiding justice of the nature of the offense, of the possible penalty for the crime of robbery, or of "his right to confrontation, to witnesses, to his privilege against self-incrimination, to the presumption of his innocence, to his right of counsel at trial, to his rights in the selection of a jury or to a unanimous verdict of such jury."

The official record is most illuminating in describing actually what took place from the time appellant's petition for prompt arraignment by information instead of by indictment was acted upon by the presiding justice until sentence was imposed. The record discloses the following:

"THE COURT: Elmer Geneau: Elmer, you filed a petition which I have before me. The petition makes it appear that you are in the County Jail awaiting action of the grand jury which meets in June. You are there as a result of a finding of probable cause found by the Municipal Court for the City of Bath on a complaint charging you with the crime of robbery.

"You were present in court all morning, during which time I had William Condon before me and I also had Raymond Dow. I deliberately had you seated in the jury seat next to Mr. Dow so that you could hear everything I said to Dow and Condon. I explained Condon's rights very fully to him. What I said to him applies to you. My understanding is that your attorney Mr. Carlton

has told you what your rights are in much the same way I have.

MR. GENEAU: Yes.

THE COURT: He has talked to you before to-day, and today?

MR. GENEAU: Yes.

THE COURT: Did you hear everything I said to Condon?

MR. GENEAU: Yes.

THE COURT: Did you understand it and do you now understand that you don't have to do this, that your rights to have your case heard by the grand jury is an absolute guaranteed right, that no one can take it away from you?

MR. GENEAU: Yes.

THE COURT: Do you also understand that you can plead guilty or not guilty to an Informa-tion which will be filed against you if I allow the petition?

MR. GENEAU: Yes, sir.

THE COURT: You understand that you are entitled to a trial by jury if you want it?

MR. GENEAU: Yes.

THE COURT: You also understand that if I allow the petition and the County Attorney files an information it will have the same legal effect as if an indictment had been found?

MR. GENEAU: Yes, sir.

THE COURT: The crime of robbery, on which you are bound over and with which you will be charged by Information if I allow the petition, is a crime which actually consists of two crimes to-gether, the first being assault, the second being a larceny; it becomes a larceny by assault. In

order to convict you, it will be necessary for the State to prove by evidence convincing beyond a reasonable doubt that on the 8th day of April or within six years of today, that being the period of limitation, you some place in this County — they allege it was in Bath but they don't have to prove it was in Bath so long as they prove it was in this County — you did make an assault, that is, in a threatening angry or lewd manner you did put in fear, in other words, by your conduct you put in fear one Flora Seman and as a result of putting her in fear did take from her person a handbag and billfold. It is sufficient if the evidence indicates it was taken from something which is closely related to a person such as a coat she was wearing, an umbrella she was carrying, or something actually closely related to her person. They must prove by evidence beyond a reasonable doubt that at the time you did the acts you had the intention to forever deprive her of the property. 'Intention,' of course, is a state of mind but may be proved circumstantially. Are there any questions you want to ask me about the nature of the crime? You do understand the nature of the crime?

MR. GENEAU: Yes, your Honor.

THE COURT: And your attorney has explained it all to you?

MR. GENEAU: Yes.

THE COURT: I find as fact that Elmer Geneau has an understanding and full knowledge of his rights to file the petition. The State having joined, I will allow it. Will you please, Brother Carlton, have your client execute a waiver in open court.

MR. CARLTON: Yes, your Honor.

\* \* \* \*

"THE COURT: The record may show Respondent has executed a waiver in open court.

The State has filed Information. The State moves for arraignment?

MR. SPEAR: The State moves for arraignment.

THE COURT: Let him be arraigned.

(The Respondent was thereupon arraigned.)

THE COURT: The plea of guilty may be entered. I will defer sentence until later, at which time I will talk with the County Attorney, counsel for the Respondent, investigating officer, Probation Officer, and anyone counsel wishes me to. (After recess, the following proceedings were held:)

THE COURT: The State moves for sentence, State vs. Geneau. Let the record show Respondent's counsel is present.

\* \* \* \* \*

"A. Well, at the time I took that handbag I was drinking. I am sorry I did it. I never do anything like that sober.

Q. The record indicates, of course, that there were these rapes, of course there were several of them, and they always took place at a time when you had had something to drink; is that true?

A. Yes.

THE COURT: But of course, there are an awful lot of them. You realize that that is probably as bad a record of that type of offense as you will find, and of course you haven't been out very long.

In arriving at the conclusion which I have in this case, I have had the benefit of conference with Respondent's counsel, with the Probation-Parole Officer, investigating officer, with the County Attorney. I have been furnished a copy of his record as maintained by the State Bureau of Identification, Maine State Police; I also have before me

an abstract of his conduct record while a prisoner in the Maine State Prison, and also an abstract of his conduct record while a prisoner in the Men's

Reformatory at South Windham.

(Sentence was then imposed.)"

We have quoted the record in order to demonstrate the fact that the presiding justice went to great length in order to inform the appellant of the information procedure, what his rights were under it, the nature of the offense with which he was charged and all other pertinent information that the law requires to be imparted to a defendant under the instant circumstances. In addition to all this, it is to be noted that the appellant was represented by competent and capable counsel.

The record evinces, beyond the shadow of a doubt, that the presiding justice, with great care and in every minute particular, accorded the appellant a full measure of all he, under the law, was entitled to receive, both constitutionally and otherwise.

*Appeal denied.*